

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–17–584

| | |
|---|---|
| JONATHAN SNOW | **Opinion Delivered:** November 29, 2017 |
| APPELLANT | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03JV-16-31] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE DEANNA SUE LAYTON, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's termination of his parental rights to A.S., born 1/27/2016.[1] Appellant's counsel has filed a motion to withdraw as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal. Appellant has failed to file any pro se points. We affirm and grant counsel's motion to withdraw.

---

[1]The parental rights of A.S.'s mother, Alyssia Kirby, were terminated in the same order; she is not a party to this appeal.

[2]359 Ark. 131, 194 S.W.3d 739 (2003).

[3](2016).

A report was made to the Arkansas State Police Child Abuse Hotline on February 22, 2016, alleging abuse against A.S. by an unknown offender. A.S. had been seen by his primary-care physician who had him rushed by ambulance to Baxter Regional emergency room due to his loss of two pounds in the three weeks since his birth, and multiple bruises on his head, neck, and chest, of which Kirby had an explanation for only one. A.S. had a seizure while in the emergency room, requiring intubation; he was flown to Arkansas Children's Hospital. A CT scan revealed brain swelling and bleeding with a small midline shift. A chest x-ray showed a fresh fracture to the clavicle that had not happened at birth. Appellee Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect on February 25, 2016.[4] Appellant was named as the putative father of A.S. An ex parte order granting the petition was entered on February 26, 2016.

A probable-cause order was entered on May 11, 2016, following a March 2, 2016 hearing, finding that probable cause existed and continued to exist for A.S.'s removal from Kirby's custody. Appellant was not present at the hearing, but the order noted Kirby's testimony that she and appellant lived together prior to A.S.'s removal from her custody and that she had no doubt that appellant was the biological father of A.S.

On May 26, 2016, the circuit court entered its order adjudicating A.S. dependent neglected, as defined in the Arkansas Juvenile Code, on account of being "subjected to conduct that created a realistic and serious threat of death, permanent or temporary

---

[4]A.S.'s two half-siblings were also taken into custody and were also subject of the February 25, 2016 petition, but are not parties to this appeal because they are not appellant's biological or legal children.

disfigurement or impairment of a bodily organ" and due to Kirby's failure to prevent the abuse or take reasonable steps to prevent the abuse. It noted A.S.'s many injuries and the opinion of Dr. Karen Farst that A.S.'s injuries were not accidental, but inflicted. Kirby's explanation for A.S.'s injuries were "not plausible" for the type of injuries described; therefore, the circuit court did not find her explanation credible. The goal of the case was reunification with a concurrent goal of relative placement. Appellant was not present at this hearing, nor was he present at the July 18, 2016 hearing from which the circuit court's August 8, 2016 review order came. The goal of the case remained the same.

DHS filed a petition to terminate appellant's parental rights to A.S. on October 20, 2016, asserting that termination was in A.S.'s best interest. It cited as grounds in support of the petition (1) that a court found that the juvenile is dependent–neglected as a result of neglect or abuse that could endanger the life of the child perpetrated by the juvenile's parent or parents or stepparent or stepparents where appellant was present at the time of A.S.'s injuries,[5] (2) that other factors arose subsequent to the petition where appellant "[had] not complied with any" of the court's order and asserting that his "lack of interest" was a "clear indication" of his capacity or indifference to remedying the issues that caused A.S.'s removal,[6] and (3) subjection of the child to aggravated circumstances where appellant and Kirby had "refused to be truthful regarding how [A.S.] sustained his injuries" and both had been arrested and faced criminal charges against them for the abuse of A.S. given that both

---

[5]*See* Ark. Code Ann. § 9–27–341(b)(3)(B)(vi)(*a*) (Repl. 2015).

[6]*See* Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*).

were "at all times the persons responsible for the care, safety and welfare" of A.S.[7] With regard to the last ground, DHS requested a finding that there was little likelihood that services to the family would result in successful reunification.

A hearing on DHS's petition was held on December 19, 2016; appellant was present and testified. The circuit court entered its order terminating appellant's parental rights to A.S. on April 3, 2017.[8] The order detailed testimony from Dr. Farst, which it found credible and which culminated in her opinion that "there could be no explanation for the injuries of [A.S.] other than child abuse." It noted testimony from Kirby that she and appellant were the "primary caregivers and were not away from the juvenile for any significant periods of time since his birth" and "that she would leave only to take her children back and forth to school but Mr. Snow would still be at the home during this time with [A.S.]" It noted testimony from appellant that "he shared the load of care for the children with the mother each watching the children for one-half the time" and that "the children were never out of his sight." Appellant could not explain A.S.'s brain bleed or broken clavicle, only "the injury from the seatbelt." It found neither parent credible and noted Dr. Farst's testimony that "based on Ms. Kirby and Mr. Snow being the only caregivers for the child since birth one of the two of them caused the injuries and knows what happened to [A.S.]" It found that appellant and Kirby's failure to provide any plausible explanation of A.S.'s injuries, given

---

[7]*See* Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*)(*A*).

[8]There are two file stamps on this document. One states "FILED BY THE COURT this 31st day of March, 2017 By:" with an undecipherable signature designated as that of the circuit judge. The other states "Filed 3:45 pm Baxter County, Arkansas APR 03, 2017, Candy J. Reese, Clerk by D.C."

that medical testimony and records directly contradicted his explanation, "[was] a barrier to reunification efforts necessary to protect the health safety and welfare of the juvenile upon return to the home of the parents."

Regarding appellant specifically6, the circuit court found as follows therein:

Mr. Snow, the father of [A.S.], was resistant to participating in services to reunify until he was adjudicated the legal father in August of 2016, following the completion of paternity testing. Mr. Snow has been in minimal compliance in this matter. In August of 2016, he started attending visits, therefore, missing the first six months of the juvenile's life. He only visited one time prior to August of 2016. He has housing at the present time in that he lives with the mother and his wife, Ms. Kirby. Mr. Snow has employment, but does not have a vehicle, is still not engaged in mental health counseling, has not completed a psychological evaluation, has not completed parenting or anger management, still continues to have supervised sight and sound visitation at the Department of Human Services, and he has pending criminal charges related to this case for Battering in the First Degree, a Class Y Felony, and Endangering the Welfare of a Minor in the First Degree, a Class D Felony.

The circuit court found that DHS had proven all three asserted grounds, that there was little likelihood that services would result in successful reunification, and that termination of appellant's parental rights was in A.S.'s best interest. In its best–interest findings, it specifically found potential harm in that it would be "illogical to expect the caregivers who severely injured the child and failed to take steps to protect the child and who continue to deny their role or the role of their child's abuser to now protect the child from harm or from themselves." It found that A.S. was adoptable as his present foster home had been involved with his medical and developmental care since he had come into care and had indicated a desire to adopt A.S. This timely appeal followed.

In compliance with *Linker-Flores* and Rule 6-9(i), counsel ordered the entire record and found that, after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered the sufficiency of the evidence in

support of termination of appellant's parental rights and all other adverse rulings. After carefully examining the brief, as presented to us, we conclude that the appeal is wholly without merit. Accordingly, we affirm the termination of appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.